HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK HORN, a single man,

    Plaintiff,

v.

WESCO PROPERTIES, INC., et al,

    Defendants.

Case No. C08-5528RBL

ORDER

THIS MATTER comes before the Court on Defendants' Amended Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b) [Dkt. #27] and Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §927 [Dkt. #12]. The Court has reviewed the materials submitted in support of, and opposition to, said motions. Oral argument is not necessary for the Court to resolve the issues presented in the motions.

This case arises from an ongoing boundary line dispute and the subsequent condemnation of water rights. (Second Amended Complaint, para. 4.4). Issues related to trespass, condemnation and damage to property rights have been litigated and re-litigated between these precise parties in state court. The only basis for federal jurisdiction is plaintiff's claim that the conduct of Defendants Wesco Properties, Inc., an Oregon corporation, and Carrolls Water Association, a nonprofit corporation doing business in the State of Washington, make them liable to the plaintiff pursuant to 42 U.S.C. §1983. In order to prevail on a §1983

claim against either defendant, the plaintiff must prove by a preponderance of the evidence that the defendants acted under the color of law and that the acts of the defendants deprived the plaintiff of certain rights. One acts "under color of law" when he/she acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The "under color of state law" element is a jurisdictional prerequisite for a §1983 action. *West v. Atkins*, 487 U.S. 42, 48 (1988).

When addressing whether a private party acted under color of law, courts start with the presumption that private conduct does not constitute governmental action. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The Ninth Circuit recognizes a two-part test for answering that question: (1) "the deprivation must result from a governmental policy, in other words, the deprivation must be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

In the case before the Court, the defendants who are the target of the §1983 action are both private entities. The complaint acknowledges as much. Nowhere in the complaint does the plaintiff allege facts that would suggest that any named defendant is a government actor. In his response to the motion to dismiss, plaintiff fails to cite any case law suggesting that the initiation of a condemnation action seeking a private easement makes the plaintiff a "state actor" "acting under color of law" merely because the action is pursued in a manner allowed by state law. The Court lacks subject matter jurisdiction because none of the named defendants are state actors for purposes of §1983 analysis.

The Court is satisfied that the issues presented in this complaint have been, and are currently being, pursued in state court. The Court is loath to interfere with the orderly resolution of these issues in state court. Therefore, the Court declines to accept supplemental jurisdiction over state claims raised in the Second Amended Complaint. This Court, being without subject matter jurisdiction, hereby

**DISMISSES** the Second Amended Complaint **WITHOUT PREJUDICE**. The Motion for Sanctions [Dkt. #12] is **DENIED.**

   **IT IS SO ORDERED.**

Dated this 5th day of January, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE